UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HONG QING LIN,<br><br>    Petitioner,<br><br>v.<br><br>KRISTI NOEM, *et al.*,<br><br>    Respondents. | Case No.: 26-cv-769-JO-BJW<br><br>**ORDER GRANTING PETITIONER'S HABEAS PETITION [DKT. 1]** |

    Petitioner Hong Qing Lin filed a petition for writ of habeas corpus [Dkt. 1]. The Court held a hearing on February 17, 2026. The Court finds that it has jurisdiction to review Petitioner's constitutional challenges to his detention for the same reasons stated in its prior decision in *Pacheco v. LaRose*, No. 3:25-CV-2421-JO-AHG, 2026 WL 242300, *2–*3 (S.D. Cal. Jan. 29, 2026). For additional reasons stated on the record, the Court ORDERS as follows:

    (1) **Habeas Petition**: The Court GRANTS Petitioner's habeas petition [Dkt. 1].

    (2) **Release:** Respondents are ORDERED to release Petitioner by 5 p.m. on February 18, 2026. Respondents must file a declaration confirming Petitioner's release by 5 p.m. on February 19, 2026.

    (3) **Limitations on Removal and Redetention**: Respondents are ENJOINED from removing Petitioner from the United States or from this District, or from

redetaining him, unless the government (1) has identified a third country willing to accept Petitioner and (2) has made concrete arrangements for his flight to the identified third country in the reasonably foreseeable future. Respondents shall file a written declaration with this Court **at least 48 hours prior** to any redetention, confirming that they have satisfied the requirements above.

(4) **Restrictions on Removal to a Third Country**: Respondents are ENJOINED from removing Petitioner to any country not designated on his order of removal (*i.e.*, a "third country") unless they comply with all of the following procedures:

   a. Respondents must provide Petitioner with written notice identifying the intended country of removal in a language Petitioner understands, and affirmatively ask whether he fears removal to the country identified in the notice;

   b. If Petitioner expresses fear of removal to the identified third country, Respondents must provide a reasonable fear interview **at least 10 days after** issuing the notice, to allow him sufficient time to prepare for the interview;

   c. If Respondents determine that Petitioner does have a reasonable fear of removal to the third country, they must move to reopen his removal proceedings to permit him to apply for protection from removal to that third country, including withholding of removal under 8 U.S.C. § 1231(b)(3) and protection under the Convention Against Torture;

   d. If Respondents determine that Petitioner does not have a reasonable fear of removal to the third country, they must provide him a reasonable period of time to file a motion to reopen with the immigration court or the Board of Immigration Appeals; **and**

    e. Respondents must file a declaration with this Court confirming that they have complied with all the procedures listed above **at least 7 days prior** to removing Petitioner to any third country in order to provide him an opportunity to challenge any further unlawful detention.

**IT IS SO ORDERED.**

Date: February 17, 2026

_____
Honorable Jinsook Ohta
United States District Judge